UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WENDELL DUNCAN

v.  CRIMINAL NO. 4:12-CV-00031-GHD-DAS

STATE OF MISSISSIPPI, et al.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Wendell Duncan's Objection [5] to the Report and Recommendation of Magistrate Judge David A. Sanders [4], entered in this cause on June 12, 2012. The Magistrate Judge recommended that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed based upon the one-year limitation period in 28 U.S.C. § 2244(d). Upon careful review of the findings in the Report and Recommendation, the Objection, and the record, the Court is of the opinion that the Petition was untimely filed under 28 U.S.C. 2244(d). Accordingly, the Court overrules the Objection and adopts the Report and Recommendation of the Magistrate Judge.

On November 30, 1994, Petitioner was convicted of conspiracy and burglary of a business as a habitual offender and sentenced to twelve years in the custody of the Mississippi Department of Corrections. Petitioner appealed. The Mississippi Court of Appeals affirmed his conviction on September 15, 2009. *Duncan v. State*, 28 So. 3d 665 (Miss. Ct. App. 2009). His petition for rehearing was denied on December 15, 2009. The Mississippi Supreme Court denied his request for writ of certiorari on February 25, 2010. *Duncan v. State*, 27 So. 3d 404 (Miss. 2010). Petitioner then filed a petition for writ of certiorari to the United States Supreme Court which was

1

denied on June 28, 2010. *Duncan v. State*, ___U.S. ___, 130 S. Ct. 3510, 177 L. Ed. 2d 1098 (2010).

Petitioner filed his Petition for Writ of Habeas Corpus [1] in this Court on April 26, 2012. On June 6, 2012, the Magistrate Judge issued his Report and Recommendation [3], recommending that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed based upon the one-year limit in 28 U.S.C. § 2244(d). In his Objection [5], Petitioner argues that he timely filed his Petition, as it was filed within a year of the Supreme Court's denial of his writ of certiorari. Petitioner further contends that he is challenging the legality of the sentence imposed, not the conviction itself, because the sentence itself violates his constitutional rights. Petitioner argues that for this reason his Petition cannot be time-barred.

The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991). However, the Court need not consider frivolous, conclusion, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997).

Petitioner's challenge to the legality of his sentence is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241, *et seq.*, which provides in pertinent part:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant is prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A). Because the Petition was filed on April 26, 2012, and Petitioner's conviction became final when the United States Supreme Court denied certiorari on June 28, 2010, the Petition was untimely filed. The Court is of the opinion that the Magistrate Judge's Corrected Report and Recommendation [4] should be approved and adopted as the opinion of the Court. It is, therefore

**ORDERED**:

1. That the Report and Recommendation [4] of the United States Magistrate Judge dated June 12, 2012, is hereby approved and adopted as the opinion of the Court; and

2. That the Petitioner's 28 U.S.C. § 2254 petition is hereby DISMISSED WITH PREJUDICE.

THIS, the 23rd day of July, 2012.

_____
SENIOR JUDGE